UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2009 OCT 28 PM 12: 21
US DISTRICT COURT
MIDDLE DISTRICT OF FL

RAYMOND SATTERFIELD,
and others similarly situated,

    Plaintiffs,

vs.

Case No. 6:09-CV-1827-ORL-28DAB

CFI SALES & MARKETING, INC.;
CENTRAL FLORIDA INVESTMENTS,
INC.; and WESTGATE RESORTS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAYMOND SATTERFIELD, and others similarly situated (hereinafter referred to as "Plaintiff" or "Plaintiffs"), by and through their undersigned counsel and sues the Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., and states as follows:

### INTRODUCTION

1. This is a collective action by Plaintiff, RAYMOND SATTERFIELD, and others similarly situated, against their employer for unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*. Plaintiffs seek damages for unpaid overtime, liquidated damages, a reasonable attorney's fee and costs.

### JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, *et. seq.* The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b).

## VENUE

3. The venue of this Court over this controversy is proper based upon the claims arising in within this District.

## THE PARTIES

4. Plaintiffs were at all time material, employed by Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC. and WESTGATE RESORTS, INC., as Closing Officers.

5. Defendant, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., are in the business of selling fractional real estate known as "time share" in the State of Florida.

6. Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC. and WESTGATE RESORTS, INC., are employers as defined by 29 U.S.C. § 203(d).

7. Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC. and WESTGATE RESORTS, INC. have employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the facility where Plaintiffs are employed.

8. Plaintiffs were employees of Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., and at all times relevant to violations of the Fair Labor Standards Act were engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

9. Alternatively, Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., are enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

10. Plaintiffs have retained the Pantas Law Firm to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

11. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 10 above.

12. Throughout the employment of Plaintiffs, Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours. Specifically, Plaintiffs have worked numerous weeks in excess of forty (40) hours a week, yet have not been compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they are employed.

13. Plaintiffs are not exempt from the overtime provisions of the FLSA.

14. In addition to the named Plaintiff, numerous employees and former employees of Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., are similarly situated to the Plaintiff in that they have held the same or similar position and have been denied overtime compensation while employed by Defendants.

15. Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC.'s policy of not paying their employees overtime in violation of the FLSA is both unlawful and company-wide and each non-

exempt employee employed by Defendants during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiffs.

16. Plaintiff, RAYMOND SATTERFIELD, is a representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

17. Those similarly situated employees are known to Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., and are readily identifiable and locatable through Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC.'s records.

18. Those similarly situated employees should be notified of this action and allowed to opt into this action pursuant to 29 U.S.C. §216(b).

19. Unless notice is issued, persons similarly situated to Plaintiff, who have unlawfully deprived of overtime compensation in violation of FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC.

WHEREFORE, Plaintiff, and all others similarly situated who join in this action pray for this Court:

    (a) To authorize the issuance of a notice at the earliest possible time to all CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., employees who currently hold or who held positions as a "Closing Officer" who were responsible for

finalizing and closing the sales of timeshares to Defendants' customers during the three (3) year period of time preceding the filing of this action, informing them that this action has been filed and the nature of the action, and of their right to opt-into this lawsuit if they worked for Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., during the liability period, but were not paid overtime wages as required by the FLSA;

(b) To declare that Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., have violated the overtime wages provisions of the FLSA, 29 U.S.C. § 206, as to Plaintiff and persons similarly situated;

(c) To declare that Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC. and WESTGATE RESORTS, INC.'s violations of the FLSA were willful;

(d) To award Plaintiff, and other similarly situated employees and former employees of Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC. and WESTGATE RESORTS, INC., damages for the amount of unpaid overtime wages due to them, subject to proof at trial;

(e) To award Plaintiff, and other similarly situated employees and former employees of Defendant CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC.,

an additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages; if liquidated damages are not awarded, then in the alternative, prejudgment interest;

(f) To make the same declarations and awards as prayed for in ¶¶ (a)-(e) above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

(g) To award Plaintiff, and other similarly situated employees and former employees of Defendants CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., a reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 216(b); and,

(h) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: 10/23/09

L. TODD BUDGEN, ESQ.
Bar No. 0296960
BUDGEN LAW GROUP
400 North Bumby Avenue
Orlando, Florida 32803
Telephone: (407) 313-1115
Facsimile: (407) 313-1119
Trial Counsel for the Plaintiffs