**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAYMOND SATTERFIELD,
*et al*.,

Plaintiffs, CASE NO.: 6:09-cv-1827-ORL-28DAB

v.

CFI SALES & MARKETING, INC.,
CENTRAL FLORIDA INVESTMENTS,
INC. and WESTGATE RESORTS, INC.

Defendants.
_____________________________________/

CFI SALES & MARKETING, INC.,
CENTRAL FLORIDA INVESTMENTS, INC., AND
WESTGATE RESORTS, INC.

Counter-Plaintiff

and

CFI SALES & MARKETING, LLC,

Additional Counter-Plaintiff

v.

ERNESTO AVILES,
JASON BOYD, BRENDA CAMACHO,
JOHANNA CARDILE, ANA CARRENO,
GRACIELA EVEREST,
GEORGINA GANDARILLA, JAVIER
HERRERA, MONIQUE JOHNSON,
VICENTE ORELLANA, JORGE PEREIRA,
FRAYA PETERSON-CASTILLO,
CARLOS RODRIGUEZ,
ROBERTO SANTANA, RAYMOND
SATTERFIELD, ELIZABETH SINGER,
ANDREW SUGRIM,

Counter-Defendants.[1]
_____________________________________/

[1] The Counterclaim has been modified to eliminate those claims that were settled.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC. (collectively "CFI" or "Defendants") by and through the undersigned counsel hereby file their answer and affirmative defenses to Plaintiffs' Complaint ("Plaintiffs"), and state as follows:

**INTRODUCTION**

1. Defendants admit that this is an action for alleged violations of the Fair Labor Standards Act ("FLSA") but deny that Plaintiff, or unnamed similar situated putative plaintiffs are entitled to any relief.

**JURISDICTION**

2. Defendants admit that this action involves alleged violations of the FLSA and that this Court has jurisdiction over FLSA claims, but deny that the action has any merit.

**VENUE**

3. Defendants admit the allegations contained in paragraph 3 of Plaintiffs' Complaint.

**THE PARTIES**

4. Defendants deny the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendants deny the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendants deny the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. Defendants admit that Central Florida Investments, Inc. is an employer as defined by the FLSA. Defendants specifically deny that they were Plaintiffs' employer and deny the rest of the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. Defendants admit Central Florida Investments, Inc. may be an enterprise engaged in commerce as defined by the FLSA. Defendants specifically deny that they are employers or joint employers of Plaintiff and deny the rest of the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendants are without knowledge of the allegations contained in paragraph 34 of Plaintiff's Complaint and accordingly deny them.

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW**

35. Defendants readopt and reincorporate herein their responses contained in paragraph 1 through 34 above.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

Defendants assert the following defenses and affirmative defenses against Plaintiffs:

**FIRST DEFENSE**

37. The Complaint fails to state a claim upon which claim can be granted.

**FIRST AFFIRMATIVE DEFENSE**

38. Defendants plead all applicable limitations periods, both as a bar to the claims and requests for relief asserted in the Complaint and as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

**SECOND AFFIRMATIVE DEFENSE**

39. During portions of the relevant time, Plaintiffs were Independent Contractors, not employees. Therefore, they are precluded from obtaining relief for alleged violations of the Fair Labor Standards Act ("FLSA").

**THIRD AFFIRMATIVE DEFENSE**

40. Defendants did not employ and otherwise had no business relationship with Plaintiffs. Plaintiffs entered into an Independent Contractor Agreements with CFI Sales & Marketing, LLC.

**FOURTH AFFIRMATIVE DEFENSE**

41. Plaintiff was paid all monies legally owed to him.

**FIFTH AFFIRMATIVE DEFENSE**

42. Sums, if any, that may be determined to be due Plaintiffs are subject to set off and must be reduced by advances made which were not earned and are subject to charge backs or other type of deductions agreed to by the parties.

**SIXTH AFFIRMATIVE DEFENSE**

43. The doctrine of unclean hands bars this action.

**SEVENTH AFFIRMATIVE DEFENSE**

44. Plaintiff, or some of the Plaintiffs, may be exempt from the overtime requirements of the FLSA.

**EIGHT AFFIRMATIVE DEFENSE**

45. Any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA were not willfully committed and Defendants acted with good faith at all times.

**COUNTERCLAIM**

1. Counter-Plaintiffs, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC. and Additional Counter-Plaintiff CFI SALES & MARKETING, LLC (collectively "Counter-Plaintiffs") file their Counterclaim against

Counter-Defendants, ERNESTO AVILES, JASON BOYD, BRENDA CAMACHO, JOHANNA CARDILE, ANA CARRENO, GRACIELA EVEREST, GEORGINA GANDARILLA, JAVIER HERRERA, MONIQUE JOHNSON, VICENTE ORELLANA, JORGE PEREIRA, FRAYA PETERSON-CASTILLO, CARLOS RODRIGUEZ, ROBERTO SANTANA, RAYMOND SATTERFIELD, ELIZABETH SINGER, and ANDREW SUGRIM (collectively "Counter-Defendants"), and state as follows:

**Parties**

2. Counter-Plaintiff, CFI SALES & MARKETING, INC., and Additional Counter-Plaintiffs, CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., are a Florida corporation and a Florida limited liability company, respectively, whose principal offices are located in Orlando, Florida. CFI SALES & MARKETING, LLC, is the successor by conversion of CFI Sales & Marketing, Ltd. At times material hereto, Counter-Plaintiff, CFI SALES & MARKETING, INC. has been either the general partner of CFI Sales & Marketing, Ltd., or the Manger of Additional Counter –Plaintiff, CFI SALES & MARKETING, LLC.

3. In October 2009, Counter-Defendant, RAYMOND SATTERFIELD, filed his Complaint in this Court seeking relief for alleged violations of the overtime requirements imposed by the Fair Labor Standards Act ("FLSA").

**Jurisdiction and Venue**

4. This is an action for breach of contract against the Counter-Defendant.

5. Jurisdiction and venue are proper as the original action giving rise to this Counterclaim was filed in this Court.

6. This Court has jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and § 1343. Likewise, this Court may exercise supplemental jurisdiction over the state law claim for

breach of contract under 28 U.S.C. § 1367.

7. The Counterclaim asserted here is inextricably intertwined with the FLSA claims advanced in the Complaint, as all claims arise from the Contract Plaintiff signed. All such claims will require substantially the same type of evidence, i.e. compensation earned, paid and received. Hence, the Counterclaim is a compulsory counterclaim.

**Count I**
**Breach of Contract**

8. Counter-Plaintiffs reallege the allegations stated in paragraphs 1 through 6 above.

9. Counter-Defendants, when first commencing work with CFI Sales & Marketing, LLC, entered into a written agreement ("Agreement") which, among other things, detailed the terms and compensation for his or her position as an Independent Contractor Timeshare Sales Representative. The Counter-Defendants named herein no longer work as Timeshare Sales Representatives with Counter-Plaintiffs.

10. The Agreement each Counter-Defendant signed consisted of the following parts: Independent Contractor Agreement; Commission Schedule Agreement ("Commission Schedule"); and Confidentiality and Non-Competition Agreement.

11. The Commission Schedule detailed the compensation each Counter-Defendant was to receive. The Commission Schedule afforded Counter-Plaintiffs the right to recoup compensation that had been paid but, for one or more reasons stated in the Commission Schedule, had not been or was not earned and, further, established a "reserve" account as security for the repayment of such overpayments. The Counter-Defendants reserve accounts were, by agreement with the Counter-Defendant and as per the Commission Schedule, funded with portions of the commissions earned during the time each Counter-Defendant worked for Counter-Plaintiffs. The pertinent portions of the Commission Schedule, contained, in near identical form in each Counter-Defendants

Agreement, are:

**IV. <u>CHARGE BACK ON CANCELLED DEALS</u>**

A. During the term that Independent Contractor was engaged by CFI, no sales originated by the Independent Contractor for which Independent Contractor has been paid a commission will be subject to charge back except as otherwise set forth herein.

B. In the event Independent Contractor is no longer engaged by CFI, irrespective of the reason for the termination of engagement, Independent Contractor shall be charged back for all sales upon which commission have been paid in the event the purchaser(s) has/have not made six (6) timely and consecutive monthly payments as well as ten percent (10%) minimum down payment.

and

**V. <u>RESERVE</u>**

As security for Independent Contractor's liability for charge backs, a reserve account will be established in the amount of $3,500.00. Ten percent (10%) of commission due on sale will be retained by CFI to establish and maintain the reserve fund. At such time as Independent Contractor is no longer engaged by the Company for any reason whatsoever, the funds remaining in the reserve account will be reimbursed to the Independent Contractor only after the Company has determined that six (6) consecutive and timely monthly payments have been made on each sale made by Independent contractor for which Independent Contractor has been paid a commission.

12. Virtually every sale made by each Counter-Defendant resulted in the purchaser's execution of a purchase money promissory note obligating the purchaser for the deferred payment over time of a portion of the purchase price, and a purchase money mortgage securing payment of the deferred purchase price. Per the Commission Schedule, commissions for such sales made by each Counter-Defendant became earned and payment only when "six (6) consecutive and timely payments have been made."

13. While he or she worked for Counter-Plaintiffs, each Counter-Defendant received pre-payments or advances upon commissions generated by such sales, even though such

commissions had not, per the terms of the Commission Schedule, been earned and were not, accordingly, payable. Such advance payments are reconciled against commissions earned for which payment had become due as per the terms of the Commission Schedule. Once the Counter-Defendants cease work with Counter-Plaintiffs, Counter-Plaintiffs are entitled to recover all payments made to and received by such Counter-Defendant in excess of the amount of commissions actually earned and payable.

14. Counter-Plaintiffs paid to each Counter-Defendant amounts which exceeded the total amount of commissions actually earned by and payable to the Counter-Defendant. When the Counter-Defendant ceased work with Counter-Plaintiffs, Counter-Plaintiffs first charged-back such excess and unearned commissions against the reserve account balance, as contemplated by the Commission Schedule. However, as to the Counter-Defendants, the respective amounts of excess and unearned commissions exceeded the amounts funded into each respective reserve account, exhausting each reserve account. Accordingly, the Counter-Defendants were overpaid, having received payments from Counter-Plaintiffs that exceeded the amount of commissions actually earned and payable. And, despite Counter-Plaintiff's recoupment of some, but not all, of such excess and unearned commission from the Counter-Defendants' reserve account, each Counter-Defendant still owes excess and unearned commissions to Counter-Plaintiffs.

15. Counter-Plaintiffs fully performed their duties and obligations under each Agreement with each Counter-Defendant and, in particular, under the Commission Schedule.

16. The Counter-Defendants breached his or her duties under the Agreement, and in particular, the Commission Schedule, by failing to repay excess and unearned commissions, even after application of their respective reserve accounts.

17. Counter-Plaintiffs have suffered damages as they have overpaid the Counter-

Defendants, who received advances on commissions that were not earned. The Counter-Defendants have been overcompensated, above and beyond the minimum statutory requirements of the FLSA. The Counter-Defendants are liable for such overpayments.

18. Counter-Plaintiffs have employed Greenspoon Marder, P.A., to recover the overpayment of wages received by the Counter-Defendants. Counter-Plaintiffs are entitled to recover their attorney's fees pursuant to § 9 of the Independent Contractor Agreement.

WHEREFORE, Counter-Plaintiffs, CFI SALES & MARKETING, INC., CENTRAL FLORIDA INVESTMENTS, INC., and WESTGATE RESORTS, INC., and Additional Counter-Plaintiff, CFI SALES & MARKETING, LLC demand judgment against the Counter-Defendants for all damages caused by each of his or her respective breach of contracts, together with pre-judgment interest, attorneys' fees, costs associated with prosecuting this Counterclaim and all other relief deemed appropriate by this Court.

GREENSPOON MARDER, P.A.
Attorneys for Defendants
201 East Pine Street, Suite 500
Orlando, FL 32801
(407) 425-6559
(407) 422-6583 (Fax)
myrna.maysonet@gmlaw.com
richard.epstein@gmlaw.com


BY:   /s/ Myrna L. Maysonet
      RICHARD W. EPSTEIN
      Florida Bar No. 229091
      MYRNA L. MAYSONET
      Florida Bar No. 0429650

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of March, 2011, a true and correct copy of the foregoing was presented to the Clerk to the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following: L. Todd Budgen, Esquire, Budgen Law Group, 400 North Bumby Avenue, Orlando, Florida 32803.

BY: /s/ Myrna L. Maysonet