# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RAYMOND SATTERFIELD, AND
OTHERS SIMILARLY SITUATED,

        **Plaintiffs,**

-vs-                           **Case No.  6:09-cv-1827-Orl-28DAB**

CFI SALES & MARKETING, INC.,
CENTRAL FLORIDA INVESTMENTS,
INC., WESTGATE RESORTS, INC.,

        **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration with oral argument[1] on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT [FOR SIX PLAINTIFFS][2]  (Doc. No. 108)** |
| **FILED:** | **April 19, 2011** |

    **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    The matter has been referred by the District Judge to determine whether the settlement for six Plaintiffs, Asonta Baker, Carolina Forero, Daniel Forero, Veronica Maurovich, Dennis Pranouskes and James Usher, is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See*

---

[1]A hearing was held on April 21, 2011.

[2]Former counsel for Plaintiff Vincent Orellana, L. Todd Budgen, represented at the status conference on April 21, 2011 that Mr. Orellana had signed a settlement agreement, though Mr. Budgen no longer represents him. *See*

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the responses to the Court's Interrogatories (*see, e.g.,* Doc. No. 45, 58, 63) of these six Plaintiffs, they  were employed by Defendants acting as closing officers for timeshares for various periods of employment.  These six Plaintiffs sought compensation for overtime hours, plus an equal amount in liquidated damages[3].  Doc. No. 108.  Plaintiffs will receive the settlement amounts as follows:

---

[3]The claims of 19 other Plaintiffs remain either pending, or subject to dismissal for abandonment of the case.

| Plaintiff Name | Amount |
|----------------|------------|
| Asonta Baker | $2,300.00 |
| Carolina Forero | $1,758.00 |
| Daniel Forero | $2,500.00 |
| Veronica Maurovich | $2,000.00 |
| Dennis Pranouskes | $6,500.00 |
| James Usher | $1,000.00 |

Defendants counterclaimed for breach of contract against a number of the Plaintiffs, based on the written agreements executed by the parties, which allowed for "chargebacks" to Plaintiffs' commissions, a percentage of which was held in reserve. Commissions, net of the reserve, were paid to the Plaintiffs shortly after the sale even though the timeshare purchaser paid only a small percentage of the total purchase price at closing; once Plaintiffs were no longer employed by Defendants, all transactions for which they received a commission were subject to chargebacks if the customer failed to make six timely and consecutive monthly payments as required by the agreement. Where a timeshare purchaser defaulted, the amount of the advance already paid and received by Plaintiffs was charged against the balance of the reserve, until the reserve balance was exhausted. Defendants alleged that Plaintiffs were responsible for all "chargebacks" which exceed the reserve amounts and the Plaintiffs were overpaid having received payments from Defendants that exceeded the amount of commissions actually earned and payable.  Defendants also challenged the accuracy of Plaintiffs' overtime estimates based on records available for each Plaintiff.  Defendants further asserted that Plaintiffs were exempt from overtime under an exemption to the FLSA.  Doc. No. 99.

Counsel for the six Plaintiffs agreed that the estimates provided by each of the settling Plaintiffs in their Answers to Court's Interrogatories ultimately were shown to be overstated as they were provided without the benefit of any payroll records from the Defendants.  Consequently, these

initial damages failed to account for the cyclical nature of Defendant's business. During discovery it was revealed that Defendants' "high season" is from March until August, and late November until the end of December each year. The estimates provided by the settlement class failed to account time where no overtime wages could be earned, such as vacations, sick days or any other time off they may have received during their employment, and they further assumed that every day was worked, which the records showed not to be correct.  In addition, two other factors were taken into consideration by Plaintiff's counsel before the instant settlements were reached. First, public records- including media reports- show that Defendants have suffered serious financial setbacks which impact the ability to recoup damages in the future. Second, Defendants have guaranteed payment to the Settlement Class in this case, unlike other pending litigation. Settlement funds have been placed in escrow and will be distributed to each of the six members of the settlement class after approval of these settlements  by the Court.  Thus, the settlements negotiated and reached by the Parties reflects a reasonable compromise of these several disputed issues, both legal and factual, and in consideration of the Defendants' financial status (as described by Plaintiff's counsel) at issue.  Doc. 108.

The parties did not reach an agreement as to attorney's fees and costs, and have agreed to submit the issue to the Court for the determination of an amount to be awarded.  *See* Doc. 108 at 3 n. 2, 5[4].  Plaintiffs are **ORDERED** to file a motion for fees within 14 days of the date of this Report and Recommendation, after conferring with Defendants' counsel per Local Rule 3.01(g).

Settlements in the amounts as set forth above to Plaintiffs for unpaid wages and liquidated damages are fair and reasonable settlements.  It is **RECOMMENDED** that these settlements be

---

[4]While counsel has secured payment for the Plaintiffs, but there is no guarantee that counsel will receive payment of attorney's fees and costs incurred in this litigation, irrespective of the Court's award.

accepted by the District Court as "fair and reasonable resolutions of bona fide disputes" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 22, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy