# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAYMOND SATTERFIELD, AND**
**OTHERS SIMILARLY SITUATED,**

        **Plaintiffs,**

**-vs-**                                              **Case No. 6:09-cv-1827-Orl-28DAB**

**CFI SALES & MARKETING, INC.,**
**CENTRAL FLORIDA INVESTMENTS,**
**INC., WESTGATE RESORTS, INC.,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument[1] on the following motion filed herein:

> **MOTION:**   **MOTION FOR SANCTIONS AGAINST CERTAIN NAMED PLAINTIFFS WHO FAILED TO APPEAR AT MEDIATION (Doc. No. 90)**
>
> **FILED:**     **March 10, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part as set forth below.

Defendants move for sanctions against Jorge Pereira, Roberto Santana, and Andrew Sugrim, three Plaintiffs who failed to attend mediation as required in the Court's Case Management and Scheduling Order. *See* Doc. 89 (mediator's report). On April 5, 2011, the Court ordered these three Plaintiffs to show cause why their cases should not be dismissed for failure to attend the mediation

---

[1] A hearing was held on April 21, 2011.

(and Santana for failure to attend the March 16, 2011 hearing). Doc. 101. Both Jorge Pereira and Andrew Sugrim responded to the Order to Show Cause with affidavits explaining that they were unavailable[2] the day of the mediation and had asked then-counsel to arrange for them to appear by phone; they were available all day the day of the mediation; they were not contacted by counsel that day. *See* Doc. 107-1, 107-2. The Order to Show Cause as to Plaintiff Pereira and Plaintiff Sugrim is **DISCHARGED**; it is respectfully **RECOMMENDED** that Plaintiffs' Motion for Sanctions against Plaintiffs Pereira and Sugrim be **DENIED**.

However, the third Plaintiff, Roberto Santana, never responded to the Order to Show Cause. In addition, Plaintiff Santana also did not personally appear at the March 16, 2011 hearing as required in the Notice of Hearing Requiring Personal Appearances By Plaintiffs[3]. Doc. 86. In that Notice, the Court admonished Plaintiffs that their failure to personally appear could result in imposition of sanctions including dismissal of their cases. Doc. 86.

Plaintiff Roberto Santana's failure to attend mediation, failure to respond to the Order to Show Cause, and failure to appear in person at the March 16 hearing – despite the Court's admonishments concerning dismissal – are construed as an abandonment of his claim. It is respectfully **RECOMMENDED** that Plaintiffs' Motion for Sanctions against Plaintiff Santana be **GRANTED and his claims be DISMISSED.**

To the extent that Defendants also seek sanctions against two additional Plaintiffs[4] mentioned at the April 21, 2011 status conference, Defendants will have until **May 6, 2011** to file a motion for sanctions against these two Plaintiffs asserting the basis of the relief sought.

---

[2] Mr. Pereira had relocated to Philadelphia and Mr. Sugrim could not get released from work that day. Doc. 107-1, 107-2.

[3] Plaintiffs Pereira and Sugrim did attend the March 16, 2011 hearing and provided no additional documents.

[4] The Plaintiffs mentioned were Javier Herrera and Monique Johnson, who were not personally present at the March 16, 2011 hearing as required by the Court, *see* Doc. 86, but there is no active motion seeking their dismissal.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 3, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy