**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RAYMOND SATTERFIELD, AND
OTHERS SIMILARLY SITUATED,**

       **Plaintiffs,**

**-vs-**               **Case No. 6:09-cv-1827-Orl-28DAB**

**CFI SALES & MARKETING, INC.,
CENTRAL FLORIDA INVESTMENTS,
INC., WESTGATE RESORTS, INC.,**

       **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION FOR DISMISSAL WITH PREJUDICE INVOLVING GRACIELA EVEREST, ANDREW SUGRIM, JOHANA CARDILE, AND JORGE PEREIRA (Doc. No. 164)**
>
> **FILED:** October 10, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  Plaintiffs Graciela Everest, Andrew Sugrim, Johana Cardile, and Jorge Pereira, along with twenty-two others, originally sought to recover overtime wages from Defendants; a number of the Plaintiffs have already settled, and the claims of several other Plaintiffs also remain pending. These four Plaintiffs and Defendants now jointly seek approval of their settlement reached after a September

13, 2011 mediation, and stipulate to the dismissal with prejudice of their respective claims. Doc. 164. They represent that the Settlement Agreements are almost identical in form and substance to previous Settlement Agreements that the Court approved on May 3, 2011 (Docs. 108, 112, 117). The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). The parties have agreed that the issue of allowable attorney's fees will be submitted separately for determination by the Court.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on his responses to the Court's Interrogatories, these Plaintiffs were employed by Defendants acting as a closing officers for timeshares for various periods of employment. These four Plaintiffs sought compensation for overtime hours, plus an equal amount in liquidated damages. Defendants asserted counterclaims against all of the Plaintiffs arising from "chargebacks" that Plaintiffs had earned for selling timeshares where the purchasers eventually defaulted on the payments.

Plaintiffs will receive the settlement amounts as follows:

| Plaintiff Name | Amount |
| --- | --- |
| Graciela Everest | $1,500.00 |
| Andrew Sugrim | $11,000.00 |
| Johana Cardile | $4,500.00 |
| Jorge Pereira | $8,000.00 |

Six other closing-officer Plaintiffs in this litigation reached similar settlements for similar closing officer work in the amounts of $1,000, $1,758, $2,000, $2,300, $2,500, and $6,500. Doc. 112. These amounts were determined to be "fair and reasonable resolutions of bona fide disputes" over FLSA issues (Doc. 112) based on the same issues as those raised in these four Plaintiffs' cases:

> Defendants counterclaimed for breach of contract against a number of the Plaintiffs, based on the written agreements executed by the parties, which allowed for "chargebacks" to Plaintiffs' commissions, a percentage of which was held in reserve. Commissions, net of the reserve, were paid to the Plaintiffs shortly after the sale even though the timeshare purchaser paid only a small percentage of the total purchase price at closing; once Plaintiffs were no longer employed by Defendants, all transactions for which they received a commission were subject to chargebacks if the customer failed to make six timely and consecutive monthly payments as required by the agreement. Where a timeshare purchaser defaulted, the amount of the advance already paid and received by Plaintiffs was charged against the balance of the reserve, until the reserve balance was exhausted. Defendants alleged that Plaintiffs were responsible for all "chargebacks" which exceed the reserve amounts and the Plaintiffs were overpaid having received payments from Defendants that exceeded the amount of commissions actually earned and payable. Defendants also challenged the accuracy of Plaintiffs'

> overtime estimates based on records available for each Plaintiff. Defendants further asserted that Plaintiffs were exempt from overtime under an exemption to the FLSA. Doc. No. 99.
>
> Counsel for the six Plaintiffs agreed that the estimates provided by each of the settling Plaintiffs in their Answers to Court's Interrogatories ultimately were shown to be overstated as they were provided without the benefit of any payroll records from the Defendants. Consequently, these initial damages failed to account for the cyclical nature of Defendant's business. During discovery it was revealed that Defendants' "high season" is from March until August, and late November until the end of December each year. The estimates provided by the settlement class failed to account time where no overtime wages could be earned, such as vacations, sick days or any other time off they may have received during their employment, and they further assumed that every day was worked, which the records showed not to be correct. In addition, two other factors were taken into consideration by Plaintiff's counsel before the instant settlements were reached. First, public records- including media reports- show that Defendants have suffered serious financial setbacks which impact the ability to recoup damages in the future. Second, Defendants have guaranteed payment to the Settlement Class in this case, unlike other pending litigation. Settlement funds have been placed in escrow and will be distributed to each of the six members of the settlement class after approval of these settlements by the Court. Thus, the settlements negotiated and reached by the Parties reflects a reasonable compromise of these several disputed issues, both legal and factual, and in consideration of the Defendants' financial status (as described by Plaintiff's counsel) at issue.

Doc. 112. The Report and Recommendation for the settlements of these six previous settling Plaintiffs' claims was adopted by the District Judge and the settlement was approved. Doc. 117. The Settlement Agreements presented to the four Plaintiffs attached to the instant Joint Motion are nearly identical to the ones that the Court has previously approved. *Cf.* Doc. 164-1 *with* Doc. 108-1.

Similar to the issues raised in the prior cases, there were a number of key issues that were disputed concerning these Plaintiffs' claims including: the employment status of the opt-in Plaintiffs as employees or independent contractors; whether Plaintiffs were subject to set-off which impacted the amount of recovery; and the disputed evidence of alleged hours worked which was very different from Plaintiffs' own estimates. Doc. 164. A fourth issue which affected Plaintiffs' decision to settle is the collectibility of any judgement for Plaintiffs, given CFI's publicized financial problems. Doc.

164. The Court was made aware of the potential overstatement of hours by Plaintiffs in considering a previous settlement for another Plaintiff because "they were provided without the benefit of any payroll records from the Defendants. Consequently, these initial damages failed to account for the cyclical nature of Defendants' business.  During discovery it was revealed that Defendants' 'high season' is from March until August, and late November until the end of December each year. The estimates provided by the settlement class failed to account [for] time where no overtime wages could be earned, such as vacations, sick days or any other time off they may have received during their employment, and they further assumed that every day was worked, which the records showed not to be correct."  Doc. 136.  The settlements to these four Plaintiffs, Graciela Everest, Andrew Sugrim, Johana Cardile, and Jorge Pereira are actually slightly higher on average than those of prior Plaintiffs and within the range of acceptable of "reasonable and fair."   It is **RECOMMENDED** that these four Plaintiffs' settlements be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 20, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy